UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID C. DAVIS,
        Plaintiff,

v.                                            Case No. 21-CV-16

ROBERT WILKE,
        Defendant.

## ORDER

David C. Davis brought this pro se action against Robert Wilke, Secretary of Veterans Affairs, claiming violations of the Age Discrimination in Employment Act. The complaint alleges that the Department of Veterans Affairs (VA) refused to hire Davis because of his age on two separate occasions—once in 2018 and again in 2021. In lieu of an answer, Wilke moves to dismiss Davis' claim concerning the 2021 refusal to hire.

I.      BACKGROUND

The complaint alleges that Davis applied for a VA position in Madison, Wisconsin, in 2018. David Crosby, who was the hiring official, chose a "direct hire" process instead of a "competitive hire" process for the position. Crosby also created his own subjective rules for the selection process.

Davis met with Crosby, Al Hess, and a Mr. Warner for the interview. Crosby did not ask a standardized set of questions, and the questions that he did ask seemed to disadvantage older applicants. Crosby was not interested in Davis' professional qualifications or accomplishments.

Crosby decided not to hire Davis, opting instead for a younger applicant. Davis contacted Crosby for an explanation, but Crosby never responded. Instead, Crosby sent

1

Hess to speak with Davis. Hess did not explain Crosby's decision, but he informed Davis of another position that would soon become available in Milwaukee, Wisconsin.

Davis and Crosby subsequently participated in a mediation with an equal employment opportunity counselor at the VA. The mediation did not resolve the dispute to Davis' satisfaction, so he filed an EEOC charge in 2018.

The complaint also alleges that the VA refused to consider Davis for another position in 2021. On the same week Davis filed the instant action, he told Hess he wanted to be considered for a newly authorized position in Madison. Hess, who by then oversaw the Veteran Readiness and Employment program, refused to meet with Davis.

## II.   STANDARD

To survive a motion to dismiss, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III.   DISCUSSION

The Age Discrimination in Employment Act (ADEA) provides federal employees with two routes to court. *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5 (1991). They may file a charge with the Equal Employment Opportunity Commission (EEOC) and exhaust the agency's complaint procedures. 29 U.S.C. § 633a(b); *see also Reynolds v. Tangherlini*,

737 F.3d 1093, 1101 (7th Cir. 2013). Alternatively, they may provide the EEOC with a notice of intent to file an ADEA suit and wait 30 days. 29 U.S.C. § 633a(d).

Wilke moves to dismiss Davis' claim concerning Hess' refusal to hire him in 2021 for failure to exhaust administrative remedies. He argues that the claim was not charged in the EEOC complaint and is not like or reasonably related to the claims charged in the EEOC complaint. He also argues that Davis never provided the EEOC with a notice of intent to file an ADEA suit.

The failure to exhaust administrative remedies is an affirmative defense, *Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007), and "a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses." *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Thus, ordinarily, a district court should not dismiss a complaint based on an affirmative defense. *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017). However, "when it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." *Id.* (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)).

If a federal employee proceeds along the EEOC charge route and reaches court, they may only "bring claims actually charged in the administrative proceeding [or] claims that are 'like or reasonably related to' the administrative charges." *Reynolds*, 737 F.3d at 1102. "This limitation gives the employer some warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005).

3

The complaint only alleges that Davis filed an EEOC charge in 2018. Davis does not allege the substance of the charge, and he did not attach the charge to the complaint. From the face of the complaint, then, I cannot say that Davis' claim concerning Hess' refusal to hire him in 2021 is not properly before this court.

Wilke, however, attaches to his motion to dismiss an EEOC charge filed by Davis in 2018. Victor Maglio, a Change Management Agent in the VA Regional Office in Milwaukee, declares that the attached EEOC charge is the only charge Davis has filed against the VA regional office in Wisconsin. Wilke asks me to take judicial notice of the document. Davis does not dispute the accuracy of this public record, so I will take judicial notice of the EEOC charge and consider it for purposes of Wilke's motion to dismiss. *Parungao*, 858 F.3d at 457 ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned.").

The EEOC charge is dated August 12, 2018, so it obviously does not mention Hess' refusal to hire Davis in 2021. Therefore, the question is whether Hess' refusal to hire Davis in 2021 is like or reasonably related to Crosby's refusal to hire Davis in 2018. The EEOC charge focuses on David Crosby's refusal to hire Davis for a position in April or May of 2018. According to the charge, Crosby was the hiring official for the position. He chose a "direct hire" process, as opposed to a "competitive hire" process, and evaluated applicants based on subjective criteria. Davis interviewed with Crosby, Hess, and a Mr. Warner. Crosby decided to hire a younger applicant and never provided Davis with an objective reason for the hiring decision. Ultimately, Hess told Davis that another counselor position would soon be open in Milwaukee, Wisconsin.

The complaint reiterates that claim but also contains allegations regarding Hess' refusal to hire Davis for a different position in 2021. According to the complaint, Davis contacted Hess about a newly authorized position in Madison the week he filed his lawsuit in this court. Hess refused to meet with Davis and did not show any interest in mediation. Davis provides additional consistent allegations in his response brief. *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) ("[A] plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment."). He eventually applied for the position and received an interview offer, but the VA rescinded that offer two hours later because "no interviews would be conducted." He then received an email on March 16, 2021, informing him that he was not selected for the position.

It is not enough that both claims concern age discrimination. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) ("Because an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination."). Nor is it enough that Hess participated in the 2018 hiring process and the 2021 hiring process. "[T]he EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* (emphasis original). The two claims clearly cannot meet this standard. In 2018, Crosby refused to hire Davis for one position, whereas in 2021, Hess refused to hire Davis for another position. Two different decisions made by two different individuals

three years apart cannot be characterized as like or reasonably related. *Cf. Conner v. Illinois Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005); *Teal v. Potter*, 559 F.3d 687, 692 (7th Cir. 2009). To conclude otherwise would frustrate the purpose of administrative exhaustion. The EEOC charge could not have put the VA on notice of claims arising from events three years in the future. Similarly, it is unreasonable to expect that the EEOC would have discovered the 2021 refusal to hire while investigating the 2018 events.

That leaves Davis with the alternative route to court. The claim would be properly before this court if Davis provided the EEOC with a notice of intent to file an ADEA suit at least thirty days before filing his lawsuit. 29 U.S.C. § 633a(d). However, Davis pleads himself out of court on this issue. The complaint alleges that Hess refused to meet with Davis on the week Davis filed his lawsuit. At most, then, Davis could have noticed the EEOC seven days before filing his lawsuit. Moreover, Davis received the email informing him that he had not been selected on March 16, 2021, more than two months after the filing date. Regardless of whether his claim is based on Hess' refusal to meet or the subsequent refusal to hire, Davis could not have provided the EEOC with the requisite 30-day notice before filing his lawsuit.

## IV. CONCLUSION

Davis' claim concerning Hess' refusal to hire him in 2021 is beyond the scope of his EEOC charge. In addition, Davis could not have provided the EEOC with the requisite notice of the claim before filing his lawsuit. Thus, it is clear from the face of the complaint and the EEOC charge that the claim is not properly before this court.

**IT IS THEREFORE ORDERED** that Wilke's motion to dismiss is **GRANTED.**

Dated at Milwaukee, Wisconsin, on this 26th day of January, 2022.

                                            s/Lynn Adelman
                                            LYNN ADELMAN
                                            United States District Judge